```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                                :
UNITED STATES OF AMERICA
                                :
    v.                          :   Criminal No. DKC 08-00215
                                :
BARON CUNNINGHAM                :
```

**MEMORANDUM OPINION**

Baron Cunningham, representing himself, filed a "Motion to Dismiss for Lack of Jurisdiction." (Paper 35). He is charged in a single count indictment with possession of a firearm after conviction of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). He contends that (1) the purported charges are pursuant to a void and unconstitutional provision, (2) this division of the United States District Court lacks jurisdiction, (3) "when due process is violated the court is deprived of juris[diction]", (4) he has never been taken before a competent tribunal vested with judicial power to adjudicate any matter, (5) he has never been served with any valid process, and (6) there is no record of any proper judicial oath or affirmation.

Mr. Cunningham argues that the text of H.R. 3190, or PL-80-772 enacting Title 18 was only passed by the Senate and not by the House of Representatives, and no quorum was in session. As noted by the Government, every court to address this argument has rejected it:

> Although the Fourth Circuit does not appear to have addressed the specific issue of the circumstances surrounding the passage of Public Law 80-772, several other federal courts have done so and have determined that Public Law 80-772 was properly enacted. *See, e.g., United States v. Abdullah*, 289 Fed. Appx. 541, 543 (3d Cir. 2008); *United States v. Campbell*, 221 Fed. Appx. 459, 461 (7th Cir. 2007); *United States v. Risquet*, 426 F.Supp.2d 310 (E.D.Pa. 2006); *United States v. Williams*, Crim. No. 03-20147-01-KHV, 2007 WL 38080 (D.Kan. Jan.4, 2007); *Lister v. United States*, Nos. 3:06-cv-1355-N, 3:03-cr-374-N, 2006 WL 3751324 (N.D.Tex. Dec.20, 2006); *Cullum v. Fox*, No. 1:06cv309, 2006 WL 3691170 (E.D.Tex. Dec.11, 2006); *Martinez v. Gonzales*, No. 8:02-cr-19-T-27EAJ, 2006 WL 2982856 (M.D.Fla. Oct.18, 2006); *United States v. Lawrence*, No. 02 CR 200 (N.D.Ill. Jan. 27, 2006); *Derleth v. United States*, Crim. No. L-03-1745-6, Civ. No. L-05-205, 2006 WL 1804618 (S.D.Tex. June 27, 2006). Given the clear weight of authority, this Court concludes that P.L. 80-772 was constitutionally enacted.

*Webb v. Driver*, 2009 WL 529827, 3 (N.D.W.Va. 2009). *See also, United States v. Hawkins*, 2009 WL 585477 (M.D. Pa. 2009)(discussing additional authorities rejecting similar constitutional claims.)

Mr. Cunningham also contends that this court is founded under Article I of the Constitution as an administrative or legislative tribunal and thus lacks jurisdiction over criminal cases. This argument is, again, misplaced:

> [T]he district court had jurisdiction because section 922 is a law of the United States enacted by Congress, see U.S. Const. art. I, § 1, and federal courts have jurisdiction over cases arising from federal laws, see U.S. Const. art. III, § 2, cl. 1.

*United States v. Shaffer*, 27 Fed.Appx. 711, 713, 2001 WL 1402728, 1 (8th Cir. 2001).  A fuller discussion - and rejection - of an identical argument appears in *United States v. Orr*:

As discussed above, Orr has argued that the court was without subject matter jurisdiction to hear his criminal case. If true, it would come as a surprise to this and all other federal district courts across the nation which preside over criminal cases every day. Orr sets forth two related theories to argue his point. He argues first that the United States Constitution establishes only the Supreme Court-and that Congress must create other inferior federal courts. Under Article III, Section 1 of the Constitution, he is correct. He then argues that only the Supreme Court is a constitutional court under Article III. He is simply wrong in this argument. Finally, Orr asserts that Congress never created any other courts, and, as such, this court has no jurisdiction to hear his criminal case. He is also mistaken about this assertion. The Fifth Circuit has already ruled on these two issues in a case originating in Texas:

> [Orr's two] main arguments seem to be 1) that the Fifth Circuit is not a constitutional court, but a legislative court; [and] 2) that federal criminal jurisdiction is limited to admiralty/maritime jurisdiction and federal common law[.]
> The [arguments made by Orr] for the constitutional/legislative court distinction do not concern the federal district or appeals courts; they deal with territorial courts, the Court of Claims, and the District of Columbia courts. [Orr] cites no authority for the proposition that either this court or the district court for the [Northern District of Mississippi] is not an Article III constitutional court. Under Article III, § 1 of the constitution, "[t]he Judicial Power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish." The current codification of this court's authority is 28 U.S.C. § 41; [Mississippi] district courts fall under 28 U.S.C. § [104].
> Article III, § 2 provides that the "judicial Power shall extend to all cases, in Law and Equity, arising under ... the Laws of the United States" and "to Controversies to which the United States shall be a Party." Under 18 U.S.C. § 3231, federal district

3

> courts "shall have original jurisdiction, exclusive of the court of the States, of all offenses against the laws of the United States." This court has recognized the district courts' criminal jurisdiction in *United States v. Drobny*, 955 F.2d 990, 997 (5th Cir.1992).
> 
> [Orr's] second argument is also flawed. The [arguments supporting] the proposition that federal criminal jurisdiction is limited to admiralty/maritime jurisdiction and federal common law [do not] restrict the federal courts from exercising jurisdiction over criminal conduct.
> ...
> [Orr] interprets "Laws of the United States" to mean only common law and admiralty/maritime law, but [he] cites no authority to support this proposition.

*United States v. Diaz*, 33 F.3d 1378 (5th Cir. 1994). Orr makes essentially the same arguments that Mr. Diaz presented, unsuccessfully, to the Fifth Circuit. These claims are thus wholly without merit and shall be dismissed.

*United States v. Orr*, 2008 WL 2465418, 3-4 (N.D.Miss. 2008).

Similar logic applies to this court's jurisdiction over the charge in the indictment.

Accordingly, the motion to dismiss IS DENIED.

                                         /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge